UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRINA HADLEY and ERIC SUTOR, as
natural parents and legal guardians of
B.S., a minor,

        Plaintiffs,

CASE NO. 2:12-cv-600-FtM-29DNF

v.

INTEX RECREATION CORP., a foreign
corporation; INTEX INDUSTRIES
(XIAMEN) CO., LTD., a foreign
corporation; INTEX TRADING LTD., a
foreign corporation; WAL-MART
STORES, INC., a foreign corporation; and
WAL-MART STORES EAST, LP, a
foreign corporation,

        Defendants.

_____/

## AMENDED COMPLAINT

Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., a minor, sue Defendants, INTEX RECREATION CORP., a foreign corporation (hereinafter "INTEX RECREATION"), INTEX INDUSTRIES (XIAMEN) CO., LTD., a foreign corporation, INTEX TRADING LTD., a foreign corporation (hereinafter "INTEX FOREIGN" collectively), WAL-MART STORES, INC., a foreign corporation, and WAL-MART STORES EAST, LP, a foreign corporation (hereinafter "WAL-MART" collectively), and allege:

## **INTRODUCTORY ALLEGATIONS**

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiffs, TRINA HADLEY and ERIC SUTOR, are the natural parents of B.S., a minor, and are and at all times material hereto were residents of Lee County, Florida.

3. The incident giving rise to this action occurred in Lee County, Florida.

4. Defendant, INTEX RECREATION CORP., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

5. Defendant, INTEX RECREATION CORP., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

> (a) Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.
>
> (b) Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;
>
> (c) Marketing and promoting its products, including the above ground Pool and Ladder that are the subject of this Complaint, to the Florida market in the national as well as the Florida media through various

                outlets such as its partnership with the Florida-based television show *Designing Spaces*.

(d)     The acts or omissions of Defendant, INTEX RECREATION CORP., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX RECREATION CORP., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pools and ladders, including the above ground Pool and Ladder that are the subject of this Complaint; and

(e)     Selling products, including the above ground Pool and Ladder that are the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

6.     Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., is and at all times material hereto was a foreign corporation and doing business throughout the State of Florida, for which it receives substantial revenue.

7.     Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a)     Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b)     Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

3

 (c) Marketing and promoting its products, including the above ground Pool and Ladder that are the subject of this Complaint, to the Florida market in the national as well as the Florida media through various outlets such as its partnership with the Florida-based television show *Designing Spaces.*

 (d) The acts or omissions of Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pools and ladders, including the above ground Pool and Ladder that are the subject of this Complaint; and

 (e) Selling products, including the above ground Pool and Ladder that are the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

8. Defendant, INTEX TRADING LTD., is and at all times material hereto was a foreign corporation and doing business throughout the State of Florida, for which it receives substantial revenue.

9. Defendant, INTEX TRADING LTD., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

 (a) Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

 (b) Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or

4

        corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

  (c)    Marketing and promoting its products, including the above ground Pool and Ladder that are the subject of this Complaint, to the Florida market in the national as well as the Florida media through various outlets such as its partnership with the Florida-based television show *Designing Spaces*.

  (d)    The acts or omissions of Defendant, INTEX TRADING LTD., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX TRADING LTD., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pools and ladders, including the above ground Pool and Ladder that are the subject of this Complaint; and

  (e)    Selling products, including the above ground Pool and Ladder that are the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

10. Defendant, WAL-MART STORES, INC., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

11. Defendant, WAL-MART STORES, INC., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

  (a)    Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

    (b)    Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

    (c)    The acts or omissions of Defendant, WAL-MART STORES, INC., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, WAL-MART STORES, INC., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pools and ladders, including the above ground Pool and Ladder that are the subject of this Complaint;

    (d)    Selling products, including the above ground Pool and Ladder that are the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

    (e)    Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

12. Defendant, WAL-MART STORES, INC., is registered with the Florida Secretary of State and has designated a registered agent for service of process in Florida, to wit: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

13. Defendant, WAL-MART STORES EAST, LP, is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

14. Defendant, WAL-MART STORES EAST, LP, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

 (a) Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

 (b) Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that are the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

 (c) The acts or omissions of Defendant, WAL-MART STORES EAST, LP, caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, WAL-MART STORES EAST, LP, engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pools and ladders, including the above ground Pool and Ladder that are the subject of this Complaint;

 (d) Selling products, including the above ground Pool and Ladder that are the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

 (f) Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

15. Defendant, WAL-MART STORES EAST, LP, is registered with the Florida Secretary of State and has designated a registered agent for service of process in Florida, to wit: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

16. Defendants, INTEX RECREATION, INTEX FOREIGN, and WAL-MART STORES are and at all times material hereto were the importers, designers, manufacturers,

distributors, and/or retailers of the above ground Pool and Ladder which are the subject of this Complaint.

17. At all times material hereto, Defendants INTEX RECREATION and INTEX FOREIGN manufactured, sold, and delivered the swimming Pool and Ladder that are the subject of this Complaint, to Defendant, WAL-MART, in Lee County, Florida, for sale to the general public.

### The Product

18. The Subject of this Complaint is the INTEX above ground swimming Pool and INTEX Ladder designed, manufactured, imported, and sold by INTEX RECREATION, INTEX FOREIGN, and WAL-MART (*hereinafter "Subject Pool and Ladder"*) which were purchased by Plaintiffs.

### The Incident

19. On or about June 8, 2009, Plaintiffs purchased the Subject Pool and Ladder.

20. On or about April 27, 2010, B.S., who was two years old at the time, gained entry to the Subject Pool by climbing the Subject Ladder. He was found moments later by his mother, TRINA HADLEY, floating in the Pool.

21. As a result of the faulty safety system, negligent design and inadequate warnings of the Subject Pool and Ladder, B.S., suffered severe and permanent injuries, including severe brain damage.

### COUNT I
### STRICT LIABILITY AGAINST INTEX RECREATION.

22. Paragraphs 1 through 5 and 16 through 21 are realleged.

23.     Defendant, INTEX RECREATION, was and is engaged in the business of designing, manufacturing, and distributing above ground swimming pools and ladders to the public.

24.     Defendant, INTEX RECREATION, placed the Subject Pool and Ladder on the market with knowledge that they would be used without inspection for defects and dangers. INTEX RECREATION knew, or should have known, that ultimate users, operators or consumers would not and could not properly inspect these products for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

25.     The Subject Pool and Ladder were defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed by the Defendant, INTEX RECREATION, because of design defects that allowed entry into the above ground pool by young children including the following:

(a) The Subject Pool and Ladder were manufactured by INTEX RECREATION or pursuant to INTEX RECREATION's specifications without adequate safety systems and barriers to prevent access by young children to the above ground pool.

(b) The Subject Pool and Ladder were defective in design in that the Subject Ladder lacked a safety system to prevent young children from accessing above ground pools; and

(c) The Subject Pool and Ladder were defective and unreasonably dangerous in that the warnings supplied with them were inadequate to instruct users in the proper use or warn users of the dangers described herein.

9

26. On the date of the accident, the Subject Pool and Ladder were substantially unchanged from its condition, as set forth above, when sold and distributed by Defendant, INTEX RECREATION.

27. For the reasons set forth above, the Subject Pool and Ladder were unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject Pool and Ladder in an ordinary and foreseeable manner.

28. At the time INTEX RECREATION released the defective Subject Pool and Ladder into the stream of commerce, non-defective ladders and ladder systems with safeguards were economically and technologically feasible. A ladder which incorporated a protective cover that covered the steps of the Ladder and/or a flip up ladder system would have been a safer alternative design which would have significantly reduced the risk of the Plaintiff's injuries without substantially impairing the utility of the Subject Ladder.

29. The defects described above directly and proximately caused the incident and injuries sustained by B.S. in that they directly, and in natural and continuous sequence, produced or contributed substantially to his injuries.

30. As a direct and proximate result of the foregoing defects, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to B.S. are permanent within a reasonable degree of medical

probability, and B.S. has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

**WHEREFORE**, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, INTEX RECREATION, jointly and severally, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE AGAINST INTEX RECREATION

31. Paragraphs 1 through 5 and 16 through 21 are realleged.

32. Defendant, INTEX RECREATION, designed, manufactured, imported, inspected, distributed, and sold above ground swimming pools and ladders, including the Subject Pool and Ladder, to the public.

33. Defendant, INTEX RECREATION, knew, or in the exercise of due care should have known, that the Subject Pool and Ladder would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

34. Defendant, INTEX RECREATION, was under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute and sell the Subject Pool and Ladder in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and

11

expectedly, under ordinary circumstances, would come into contact with the Subject Pool and Ladder, including Plaintiffs.

35. Defendant, INTEX RECREATION, breached its duty of reasonable care owed to Plaintiffs in one or more of the following ways:

    (a)    negligently designing the Subject Pool and Ladder without adequate safeguards and barriers to prevent access by young children;

    (b)    negligently manufacturing and/or assembling the Subject Pool and Ladder with adequate safeguards and barriers to prevent access by young children;

    (c)    negligently testing or failing to test the Subject Pool and Ladder;

    (d)    negligently inspecting or failing to inspect the Subject Pool and Ladder for defects;

    (e)    negligently failing to provide adequate warnings and information to consumers regarding the lack of safeguards and barriers to prevent access to young children;

    (f)    negligently warning or failing to warn Plaintiffs of defects including but not limited to inadequate and insufficient safeguards and barriers to prevent access by young children in the Subject Pool and Ladder which Defendant, INTEX RECREATION either knew, or should have known, existed;

    (g)    marketing, promoting, advertising and representing that the Subject Pool and Ladder were suitable for use when, if fact, they were not;

    (h)    marketing, promoting, advertising and representing that the Subject Pool and Ladder were safe products when, in fact, Defendant knew that they were not because the Subject Pool and Ladder would fail during normal and foreseeable use; and

    (i)    negligently failing to provide adequate barriers and safeguards including, but not limited to plastic covers for the Subject Ladder and/or flip up Ladders as standard equipment, which were available and technologically feasible.