# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TRINA HADLEY and ERIC SUTOR, as
natural parents and legal guardians of
B.S., a minor,

        Plaintiffs,

                                        **CASE NO. 2:12-cv-600-FtM-29DNF**

v.

INTEX RECREATION CORP., a foreign
corporation; INTEX INDUSTRIES
(XIAMEN) CO., LTD., a foreign
corporation; INTEX TRADING LTD., a
foreign corporation; WAL-MART
STORES, INC., a foreign corporation; and
WAL-MART STORES EAST, LP, a
foreign corporation,

        Defendants.

_____/

## PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE FOR SERVICE AND MOTION TO EXTEND STAY

      COME NOW, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents

and legal guardians of B.S., and move for an order extending the deadline for service on

INTEX INDUSTRIES (XIAMEN) CO., LTD and extending the stay in this matter until

such time as service is perfected on INTEX INDUSTRIES (XIAMEN) CO., LTD.  As

grounds for granting said motion, Plaintiffs state as follows:

1.      On December 27, 2012 Plaintiffs filed their Amended Complaint in this matter naming additional defendants, INTEX INDUSTRIES (XIAMEN) CO., LTD and INTEX TRADING, LTD.

2.      Defendant INTEX INDUSTRIES (XIAMEN) CO., LTD. is a corporation with its principal place of business in the People's Republic of China and Defendant, INTEX TRADING, LTD. is a corporation with its agent for service in the British Virgin Islands.

3.      Service of process on citizens of China and the British Virgin Islands, as signatory states to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), is governed by the terms of same, as well as by the individual requirements of the Central Authority of each member state.

4.      As such, and due to the time required for compliance with the applicable service requirements, on January 11, 2013 (**D.E. 21**) Plaintiffs petitioned this Court for an initial extension of time to serve the newly named foreign Defendants.

5.      The parties concurrently filed a Joint Motion to Stay (**D.E. 19**), citing as basis the time required for service abroad as well as the judicial economy of conducting a single discovery cycle in which all named Defendants would participate once service had been perfected. The motions were granted on January 14, 2013 (**D.E. 22**).

6.      Thereafter, Plaintiffs arranged for service upon the foreign Defendants by retaining APS International, which is an organization recognized by member nations as an authority to transmit requests for service abroad.

7.      INTEX TRADING, LTD. was served in the British Virgin Islands on May 16, 2013 (*See* attached "Exhibit A").

8.      The People's Republic of China requires that documents transmitted for service on its citizens be translated into Chinese. Translations of the Amended Complaint and related documents were received by APS International and were sent to the Central Authority in the People's Republic of China. These were accepted on May 16, 2013 (See electronic mail transmission from APS International, dated August 6, 2013, "Exhibit B").

9.      Upon inquiry to APS International on August 6, 2013, Plaintiffs were informed that no confirmation of service had yet been received, and further that upon receipt by the Chinese Central Authority (May 16, 2013) service of documents typically takes four to six months. *Id*.

10.     Accordingly, Plaintiffs seek an additional 120 days in which to serve Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD.

11.     Further, in light of the prior agreement of the parties on this matter, and in the interest of judicial economy, Plaintiffs also move for entry of an order extending the current stay by 120 days, which will allow for one cohesive discovery cycle involving all named parties.

12.     At issue in this case are Defendants' respective roles in the design, manufacture, and chain of distribution of the Subject Pool and Ladder and resultant liability for Plaintiffs' damages.

13.     Ensuring that all named parties agree to and participate in a single discovery plan will serve to avoid the unnecessary expenditures of time and costs on the

litigants, as well as the Court, which would be otherwise incurred through multiple rounds of discovery requests and disputes centered on the same issues.

14.     In the event that service is perfected upon the remaining Defendant before expiration of the new deadline, Plaintiff will notify the Court of same immediately by means of filing the proof of service.

15.     All parties are in agreement with regard to the extension of the stay and this motion is made unopposed.

16.     The Court has the inherent authority to enter an agreed stay in the interests of judicial economy. *Power v. Williams*, 2010 U.S. Dist. LEXIS 15294 (M.D. Fla. Feb. 5, 2010) (entering a jointly requested stay to allow discovery to occur at the same time for all counts because it served to avoid the unnecessary compounding of costs which would have been incurred if discovery were to occur at different times for different counts).

WHEREFORE, and for the reasons set forth herein, Plaintiffs respectfully request:

a)  Entry of an order extending the deadline in which to perfect service on the foreign Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD. by 120 days from the current deadline of August 25, 2013, making the new service deadline December 30, 2013; and

b)  Entry of an order extending the stay of discovery and all other proceedings in this matter until December 30, 2013 or until further order of the Court after it receives notice that INTEX INDUSTRIES (XIAMEN) CO., LTD. has been properly served pursuant to the Hague Convention.

4

## <u>CERTIFICATE OF CONFERENCE</u>

I HEREBY CERTIFY that in accordance with Local Rule 3.01(g), Plaintiffs have conferred with Counsel for Defendants, INTEX RECREATION CORP.; WAL-MART STORES, INC., and WAL-MART STORES EAST, LP, and there is no objection to the relief sought in Plaintiffs' motion.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 19th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

C. Richard Newsome     newsome@newsomelaw.com, ourand@newsomelaw.com, segarra@newsomelaw.com

Daniel W. Eckhart     eckhart@newsomelaw.com, sucharski@newsomelaw.com

Michael Joseph Corso     michael.corso@henlaw.com, allison.barnum@henlaw.com, Sherry.Zellner@henlaw.com

Robert F. Melton , II     melton@newsomelaw.com, swinehart@newsomelaw.com

Traci McKee     traci.mckee@henlaw.com, tracey.salerno@henlaw.com

<div style="margin-left:40%">

S/ Daniel W. Eckhart

**C. RICHARD NEWSOME, ESQUIRE**
Florida Bar No.:  827258
**R. FRANK MELTON, II, ESQUIRE**
Florida Bar No.: 475440
**DANIEL W. ECKHART, ESQUIRE**
Florida Bar No.: 488674
NEWSOME MELTON
201 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile:  (407) 648-5282
Attorneys for Plaintiffs

</div>

5