APS International Plaza · 7800 Glenroy Road
Minneapolis, Minnesota 55439-3122
PHONE: (952) 831-7776
FAX: (952) 831-8150
TOLL FREE: (800) 328-7171

# APS International, Ltd.

**Tuesday, October 15, 2013**

**NEWSOME MELTON LAW**
**Ms. Lara Sucharski**
**201 S. Orange Ave., Ste. 1500**
**Orlando, FL 32801**

*ENCLOSED IS THE RESPONSE TO YOUR REQUEST IN THIS MATTER.*
*This does need to be filed with the court.*

| | |
|---|---|
| **APS File #:** | 267243-0002 |
| **Your Ref #:** | |
| **Case Name:** | Hadley v Intex Recreation Corp. |
| **Defendant:** | Intex Industries (Xiamen) Co., Ltd. |
| **Country:** | China |
| **Person Served:** | N/A |
| **Title of Person Served (if applicable):** | N/A |
| **Date Completed:** | see proof of non service |

**MOTION TO QUASH/DISMISS: Although rare, should you receive a Motion or if defense counsel raises allegations of insufficient process, please notify APS as soon as possible, so that our Legal Department can assist you in preparing a response to the Motion.**

We have enjoyed this opportunity to work with you and remain ready to further assist you with service of process or discovery both domestically and abroad.

Thank you for using APS International and the Civil Action Group!

Sincerely,

Mercedes Murr

**www.CivilActionGroup.com**

Mercedes Murr  -- Ext:
Email:   Mmurr@CivilActionGroup.com

*Providing quality lawyer services since 1969*

2013-SXS-800

## CERTIFICATE
### *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1)    that the document has been served*
*I.*    *que la demande a été exécutée*
- the (date)
- *le (date)* _____
- at (place, street, number)
- *à (localité, rue numéro)* _____

- in one of the following methods authorised by article 5-
- *dans une des formes suivantes prévues à l'article 5:*
   [ ] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
     *a) selon les formes légales (article 5, alinéa premier, lettre a).*
   [ ] (b) in accordance with the following particular method*:
     *b) selon la forme particuliére suivante:* _____

   [ ] (c) by delivery to the addressee, who accepted it voluntarily.*
     *c) par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
     - (identity and description of person)
     - *(identité et qualité de la personne)* _____

     - relationship to the addressee (family, business or other):
     - *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* _____

2)    that the document has not been served, by reason of the following facts*:
*2*    *que la demande n'a pas été exécutée, en raison des faits suivants:*
The court officers attempted service at the address provided. The company refused to accept the documents and claimed that their Chinese company name was not the one printed on the documents. Also, their company has been liquidated.

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to be Served, Summons in a Civil Action, Amended Complaint, Translations

Annexes
*Annexes*
Documents returned:
*Piéces renvoyées:*
_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____
_____

Done at   Beijing   the
*Fait à* _____ *le* August 2, 2013

Signature and/or stamp
*Signature et/ou cachet.*

[stamp: 中华人民共和国 司法 民商事司法协助专用章]

*   Delete if inappropriate.
   *Rayer les mentions inutiles.*

**2**

267243 - 2

Statement of Service

Fujian Province Higher People's Court:

Yesterday, this court sent to serve on Intex Industries (Xiamen) Co., Ltd. relevant documents as entrusted.  We arrived at 858 Wengjiao Road, Haicang District, Xiamen City, the designated address, but the employee of the company at this address stated that the company is Intex Industrial (Xiamen) Co., Ltd., and the addressee is Intex Industries (Xiamen) Co., Ltd., they are not the same company; and Intex Industries (Xiamen) Co., Ltd. has been liquidated, so he refused to sign and accept the documents, and the service was not successful.  The documents entrusted for service are hereby returned to you.

[Seal affixed: Haicang District People's Court of Xiamen City]

Fx-13-668
Sx-13-800
(2013) 18 号-x

# 送达情况说明

福建省高级人民法院:

　　根据委托,本院于日前向 Intex　Industries(Xiamen) Co.Ltd 送达有关文书。根据所指定的地址到达厦门市海沧区翁角路 858 号,该地址上公司员工声明公司为明达实业(厦门)有限公司,而送达的公司为明达工业(厦门)有限公司,两者不属同一公司,且明达工业(厦门)有限公司现已经清算,拒绝签收,故无法送达。现将委托送达的文书寄回。



Document of Xiamen Foreign Investment Bureau

Xiamen Foreign Investment System [2010] 478

Reply of Approving the Early Termination of Intex Industries (Xiamen) Co., Ltd.
from Xiamen Foreign Investment Bureau

Haicang District Economic and Trade Bureau,

We have received your Request for Instructions on Early Termination of Intex Industries
(Xiamen) Co., Ltd. and relevant documents. Upon consideration, we approve early termination
of said company. Please form a liquidation team to conduct liquidation within 15 days upon
receipt of this document according to the relevant provisions of the Company Law. The
liquidation team shall inform the creditors in writing within 10 days (calculating from the date of
establishment of the liquidation team, the same below), and shall make announcement in
newspaper within 60 days.

Upon completion of liquidation of the company, it shall submit a liquidation report to this bureau
and then complete the registration cancellation process with the departments of tax, customs,
industry and commerce, etc. and publish announcement in a timely manner.

July 22, 2010

[Seal affixed: illegible]

Keywords: Foreign Enterprise        Termination   Reply
Copy to: City Government, Administration for Industry and Commerce, Customs Inspection
Department, Foreign Exchange Administration, State Tax Bureau, City Local Tax Bureau
Foreign Tax Office, Haicang District Government.
                This Bureau (3) For Archive (2) (Total Printing 17 copies)
Office of Xiamen Foreign Investment Bureau          Printed and Issued on July 22, 2010

# 厦门市外商投资局文件

厦外资制[2010]478 号

---

## 厦门市外商投资局关于同意
## 明达工业（厦门）有限公司提前终止的批复

海沧区经贸局：

所呈《关于明达工业（厦门）有限公司提前终止的请示》及相关文件均悉。经研究，同意公司提前终止。请按《公司法》的有关规定在接文后十五日内成立清算组进行清算工作。清算组应在十日内（以清算组成立之日开始起算，以下同）书面通知债权人，并于六十日内登报公告。

公司清算结束后，应将清算报告报我局，然后向税务、海关、工商等部门办理注销手续，并及时公告。

二〇一〇年七月二十二日

主题词：外资企业　终止　批复

抄送：市政府，工商局，海关稽查处，外管局，国税局，
　　　市地税外税分局，海沧区政府。

本局(3)　存档(2)（共印 17 份）

厦门市外商投资局办公室　　　　2010 年 7 月 22 日印发

销商和经纪人出售给本州的个人、企业或公司。这种泳池、梯子和其他产品在一般的商贸过程中被佛罗里达州的消费者所使用。

(c) 被告 WAL-MART STORES, INC.（沃尔玛商场公司）的作为或不作为导致佛罗里达州人员包括原告的伤害。在上述伤害发生时或左右，被告 WAL-MART STORES, INC.（沃尔玛商场公司）在佛罗里达州从事招揽生意的活动，以促进它的地面泳池和梯子，包括作为本诉讼主体的地面泳池和梯子的销售、消费、使用、维护和/或维修；以及

(d) 出售包括作为本诉讼主体的地面泳池和梯子的在内的产品，而它们知道或有理由预见到这些产品会在州际商业交易中被装运并进入佛罗里达州用户和消费者的市场。

(e) 通过在佛罗里达州州务卿处登记注册并在佛罗里达州指定接受传票的代理人，从而自动地获得在本州经营商业的资格。

12. 被告 WAL-MART STORES, INC.（沃尔玛商场公司）在佛罗里达州州务卿处注册并已在佛罗里达州内指定接收传票的代理人：CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324（CT 公司系统，佛罗里达州普兰塔兴市南松岛路 1200 号/邮编 33324）。

13. 被告 WAL-MART STORES EAST, LP（沃尔玛商场东方有限合伙公司）现在和过去到现在为止的所有时间内都是一家外国公司，被批准在佛罗里达州内经营商业，以此获取可观的营业收入。

14. 被告 WAL-MART STORES EAST, LP（沃尔玛商场东方有限合伙公司）在和本诉讼有关的所有时间内亲自或通过其代理人进行了如下行为，从而使其受本法院的司法管辖：

(a) 在本州犯有侵权行为，将有缺陷的产品包括诉讼主体地面泳池和梯子（即本诉讼的主体）通过其分销商、批发商、经销商和经纪人出售并运交给本州的个人、企业或公司。这种泳池、梯子和其他产品在一般的商贸过程中被佛罗里达州的消费者所使用。

(b) 在佛罗里达州进行和从事实质性的商业和其他活动，将产品包括诉讼主体地面泳池和梯子（即本诉讼的主体）通过其分销商、批发商、经销商和经纪人出售给本州的个人、企业或公司。这种泳池、梯子和其他产品在一般的商贸过程中被佛罗里达州的消费者所使用。

(c) 被告 WAL-MART STORES EAST, LP（沃尔玛商场东方有限合伙公司）的作为或不作为导致佛罗里达州人员包括原告的伤害。在上述伤害发生时或左右，被告 WAL-MART STORES EAST, LP（沃尔玛商场东方有限合伙公司）在佛罗里达州从事招揽生意的活动，以促进它的地面泳池和梯子，包括作为本诉讼主体的地面泳池和梯子的销售、消费、使用、维护和/或维修；以及

(d) 出售包括作为本诉讼主体的地面泳池和梯子的在内的产品，而它们知道或有理由预见到这些产品会在州际商业交易中被装运并进入佛罗里达州用户和消费者的市场。

(f) 通过在佛罗里达州州务卿处登记注册并在佛罗里达州指定接受传票的代理人，从而自动地获得在本州经营商业的资格。

15. 被告 WAL-MART STORES EAST, LP（沃尔玛商场东方有限合伙公司）在佛罗里达州州务卿处注册并已在佛罗里达州内指定接收传票的代理人：CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324（CT 公司系统，佛罗里达州普兰塔兴市南松岛路 1200 号/邮编 33324）。

16. 被告 INTEX RECREATION（INTEX 康乐公司）在和本诉讼有关的时间内现在和过去都是诉讼主体地面泳池和梯子的进口者、设计者和/或生产者。

17. 被告 INTEX FOREIGN（INTEX 外国公司）在和本诉讼有关的时间内现在和过去都是诉讼主体地面泳池和梯子的进口者、设计者和/或生产者。

18. 在和本诉讼相关的所有时间内，被告 INTEX RECREATION（INTEX 康乐公司）和 INTEX FOREIGN（INTEX 外国公司）生产和出售和运交泳池梯子给在佛罗里达州李郡的被告 WAL-MART STORES, INC.（沃尔玛商场公司），向一般公众销售。

## 产品

19. 本诉讼的主体是由 INTEX FOREIGN（INTEX 外国公司）生产、INTEX RECREATION（INTEX 康乐公司）进口和由原告购买的 INTEX 地面泳池和 INTEX 梯子*（下称"诉讼主体泳池和梯子"）*。

## 事故

20. 2009 年 6 月 8 日或左右，原告购买了诉讼主体泳池和梯子。

21. 2010 年 4 月 27 日或左右，当时二岁的 B.S.爬上诉讼主体梯子进入诉讼主体泳池。一些时候以后他母亲发现他在泳池里飘浮着。

22. 由于该诉讼主体泳池和梯子的安全系统故障、 过失设计和不当警告，原告 B.S.遭受严重和永久性的伤害，包括严重的脑伤。

## 诉因之一
## <u>就产品后果责任诉 INTEX RECREATION（INTEX 康乐公司）</u>

23. 重申第 1 至 5 段、第 16 和第 18 段到 22 段的内容。

24. 被告 INTEX RECREATION（INTEX 康乐公司）过去和现在都从事地面泳池和梯子的设计、生产并将其分销给公众的业务。

25. 被告 INTEX RECREATION（INTEX 康乐公司）将诉讼主体泳池和梯子投放市场，它知道它们将会在对缺陷和危险不作检查的情况下被使用。被告 INTEX RECREATION（INTEX 康乐公司）知道或理应知道，最终使用者、操作者或消费者不会和不可能对这些产品的缺陷和危险情况作适当的检查，而且对缺陷和危险的探测将超过这类人的能力范围。

26. 该诉讼主体泳池和梯子在由被告 INTEX RECREATION（INTEX 康乐公司）出售和分销时，对最终使用者、操作者或消费者来说有缺陷和违反常理的危险性。

(a) 该诉讼主体泳池和梯子由 INTEX RECREATION（INTEX 康乐公司）生产的该诉讼主体泳池和梯子，按照 INTEX RECREATION（INTEX 康乐公司）的规格是没有能防止幼儿进入泳池的适当的安全系统和屏障。

(b) 该诉讼主体泳池和梯子的设计有缺陷，因为诉讼主体梯子缺少一个安全装置以防止幼儿进入泳池；以及

(c) 该诉讼主体泳池和梯子有缺陷和违反常理的危险性，因为它供应时没有提供适当的告诫，教育使用者适当地使用产品或就本诉状所说的危险警告用户。

27. 在事故发生那天，该诉讼主体泳池和梯子的情况和它由被告 INTEX RECREATION（INTEX 康乐公司）出售和分销时的情况没有实质性的改变。

28. 由于上面所说的原因，对于可预见的用户包括原告来说，该诉讼主体泳池和梯子具有违反常理的危险性，而原告是以一般和可预见的方式使用该诉讼主体泳池和梯子的。

29. 在 INTEX RECREATION（INTEX 康乐公司）将有缺陷的诉讼主体泳池和梯子投放商贸货流时，有保护装置的无缺陷的梯子和梯子系统在经济上和技术上都是可行的。装有那覆盖阶梯和梯子的保护盖的梯子和/或折叠式梯子系统，在不明显妨碍诉讼主

体梯子的效用的情况下，原本可以是一种更为安全替代设计，这就会大大减少原告受伤的风险。

30. 上述缺陷直接导致事故和 B.S.遭受的伤害，因为这些缺陷直接地并以自然和持续的顺序明显地导致或造成他的伤害。

31. 由于上述缺陷所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

**因此**，原告 TRI|NA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 INTEX RECREATION（INTEX 康乐公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

**诉因之二**

**<u>就疏忽过失诉 INTEX RECREATION（INTEX 康乐公司）</u>**

32. 重申第 1 至 5 段、第 16 和第 18 段到 22 段的内容。

33. 被告 INTEX RECREATION（INTEX 康乐公司）设计、生产、进口、检验、分销上述地面泳池和梯子包括诉讼主体泳池和梯子并将其出售给公众。

34. 被告 INTEX RECREATION（INTEX 康乐公司）知道或若运用应有的小心谨慎理应知道，该诉讼主体泳池和梯子会在不作检查的情况下在违反常理的危险中被使用，会对用户包括原告构成可预见的和违反常理的伤害的风险。

35. 被告 INTEX RECREATION（INTEX 康乐公司）有义务恰当和适当地设计、生产、装配、进口、测试、检验、标志、提供适当的警告、包装、分销和出售诉讼主体泳池和梯子，使其处于相当安全的情况，这样才不致于对公众成员构成危险，公众成员包括原告有理由预期在一般的情况下接触该诉讼主体泳池和梯子。

36. 被告 INTEX RECREATION（INTEX 康乐公司）在如下一方面或多方面违反对原告所负的应有的小心谨慎的义务：

(a) 疏忽地设计没有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(b) 疏忽地生产和/或安装有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(c) 疏忽地测试或未测试该诉讼主体泳池和梯子；

(d) 疏忽地检验或未检验该诉讼主体泳池和梯子；

(e) 疏忽地未能就缺乏防止幼儿进入泳池的保护和屏障的情况对消费者提供适当的警告和说明；

(g) 疏忽地就产品缺陷警告或未能警告原告，缺陷包括 但不限于能防止幼儿接触泳池和梯子的防护和屏障不足和不充分，而被告 INTEX RECREATION（INTEX 康乐公司）知道或理应知道这种缺陷的存在；

(h) 通过营销、促销、广告表示诉讼主体泳池和梯子适合于使用，而实际上不适合使用；

(i) 通过营销、促销、广告表示诉讼主体泳池和梯子是一种安全的产品，而实际上被告知道它不是一种安全的产品，因为诉讼主体泳池和梯子在日常可预见的使用中会发生故障；以及

(j) 疏忽地未能提供合适的屏障和防护，包括但不限于作为标准设备的诉讼主体梯子的塑料罩和/或折叠梯子，这种设备有供应且在技术上是可行的。

37. 上述疏忽直接导致事故和原告遭受的伤害，因为这种疏忽直接地并以自然和持续的顺序明显地导致或造成他的伤害。

38. 由于被告 INTEX RECREATION（INTEX 康乐公司）的上述行为所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

因此，原告 TRINA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 INTEX RECREATION（INTEX 康乐公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

**诉因之三**

**<u>就产品后果责任诉 INTEX FOREIGN（INTEX 外国公司）</u>**

39. 重申第 1 至 3 段、第 6 至 9 段、和第 17 段到 22 段的内容。

40. 被告 INTEX FOREIGN（INTEX 外国公司）从事上述地面泳池和梯子的设计、生产并将其分销给公众的业务。

41. 被告 INTEX FOREIGN（INTEX 外国公司）将诉讼主体泳池和梯子投放市场，它知道它们将会在对缺陷和危险不作检查的情况下被使用。被告 INTEX FOREIGN（INTEX 外国公司）知道或理应知道，最终使用者、操作者或消费者不会和不可能对这些产品的缺陷和危险情况作适当的检查，而且对缺陷和危险的探测将超过这类人的能力范围。

42. 该诉讼主体泳池和梯子在由被告 INTEX FOREIGN（INTEX 外国公司）出售和分销时，对最终使用者、操作者或消费者来说有缺陷和违反常理的危险性，因为包括如下各项在内的设计缺陷允许幼儿进入地面泳池：

(a) 该诉讼主体泳池和梯子由 INTEX FOREIGN（INTEX 外国公司）生产的该诉讼主体泳池和梯子，按照 INTEX FOREIGN（INTEX 外国公司）的规格是没有能防止幼儿进入泳池的适当的安全系统和屏障。

(b) 该诉讼主体泳池和梯子的设计有缺陷，因为诉讼主体梯子缺少一个安全装置以防止幼儿进入泳池；以及

(c) 该该诉讼主体泳池和梯子有缺陷和违反常理的危险性，因为它供应时没有提供适当的告诫，教育使用者适当地使用产品或就本诉状所说的危险警告用户。

43. 在事故发生那天，该诉讼主体泳池和梯子的情况和它由被告 INTEX FOREIGN（INTEX 外国公司）出售和分销时的情况没有实质性的改变。

44. 由于上面所说的原因，对于可预见的用户包括原告来说，该诉讼主体泳池和梯子具有违反常理的危险性，而原告是以一般和可预见的方式使用该诉讼主体泳池和梯子的。

45. 在 INTEX FOREIGN（INTEX 外国公司）将有缺陷的诉讼主体泳池和梯子投放商贸货流时，有保护装置的无缺陷的梯子和梯子系统在经济上和技术上都是可行的。

装有那覆盖阶梯和梯子的保护盖的梯子和/或折叠式梯子系统，在不明显妨碍诉讼主体梯子的效用的情况下，原本可以是一种更为安全替代设计，这就会大大减少原告受伤的风险。

46.　上述缺陷直接导致事故和 B.S.遭受的伤害，因为这些缺陷直接地并以自然和持续的顺序明显地导致或造成他的伤害。

47.　由于上述缺陷所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

**因此**，原告 TRI|NA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 INTEX FOREIGN（INTEX 外国公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

**诉因之四**

**<u>就疏忽过失诉 INTEX FOREIGN（INTEX 外国公司）</u>**

48. 重申第 1 至 3 段、第 6 至 9 段、和第 17 段到 22 段的内容。

49. 被告 INTEX FOREIGN（INTEX 外国公司）设计、生产、出口、检验、分销上述地面泳池和梯子包括诉讼主体泳池和梯子并将其出售给公众。

50. 被告 INTEX FOREIGN（INTEX 外国公司）知道或若运用应有的小心谨慎理应知道，该诉讼主体泳池和梯子会在不作检查的情况下在违反常理的危险中被使用，会对用户包括原告构成可预见的和违反常理的伤害的风险。

51. 被告 INTEX FOREIGN（INTEX 外国公司）有义务恰当和适当地设计、生产、装配、进口、测试、检验、标志、提供适当的警告、包装、分销和出售诉讼主体泳池和梯子，使其处于相当安全的情况，这样才不致于对公众成员构成危险，公众成员包括原告有理由预期在一般的情况下接触该诉讼主体泳池和梯子。

52. 被告 INTEX FOREIGN（INTEX 外国公司）在如下一方面或多方面违反对原告所负的应有的小心谨慎的义务：

(a) 疏忽地设计没有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(b) 疏忽地生产和/或安装有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(c) 疏忽地测试或未测试该诉讼主体泳池和梯子；

(d) 疏忽地检验或未检验该诉讼主体泳池和梯子；

(e) 疏忽地未能就缺乏防止幼儿进入泳池的保护和屏障的情况对消费者提供适当的警告和说明；

(f) 疏忽地就产品缺陷警告或未能警告原告，缺陷包括 但不限于能防止幼儿接触泳池和梯子的防护和屏障不足和不充分，而被告 INTEX FOREIGN（INTEX 外国公司）知道或理应知道这种缺陷的存在；

(g) 通过营销、促销、广告表示诉讼主体泳池和梯子适合于使用，而实际上不适合使用；

(h) 通过营销、促销、广告表示诉讼主体泳池和梯子是一种安全的产品，而实际上被告知道它不是一种安全的产品，因为诉讼主体泳池和梯子在日常可预见的使用中会发生故障；以及

(i) 疏忽地未能提供合适的屏障和防护，包括但不限于作为标准设备的诉讼主体梯子的塑料罩和/或折叠梯子，这种设备有供应且在技术上是可行的。

53. 上述疏忽直接导致事故和原告遭受的伤害，因为这种疏忽直接地并以自然和持续的顺序明显地导致或造成他的伤害。

54. 由于被告 INTEX FOREIGN（INTEX 外国公司）的上述行为所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

因此，原告 TRI|NA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 INTEX FOREIGN（INTEX 外国公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

**诉因之五**

**<u>就产品后果责任诉 WAI-MART（沃尔玛公司）</u>**

55. 重申第 1 至 3 段、第 10 至 15 段、和第 18 段到 22 段的内容。

56. 被告 WAI-MART（沃尔玛公司）作为诉讼主体泳池和梯子的进口商过去和现在都被视作诉讼主体泳池和梯子的生产者，因此过去和现在都从事地面泳池和梯子 包括诉讼主体泳池和梯子的设计、生产和分销的业务。

57. 被告 WAI-MART（沃尔玛公司）将诉讼主体泳池和梯子投放市场，知道它们会在不对缺陷和危险作检查的情况下被使用。被告 WAI-MART（沃尔玛公司）知道或理应知道，最终使用者、操作者或消费者不会也不可能恰当地检查这些产品的缺陷和危险情况，而且这种缺陷和危险的检查将超越这类人的能力。

58.　该诉讼主体泳池和梯子在由被告 WAI-MART（沃尔玛公司）出售和分销时，对最终使用者、操作者或消费者来说有缺陷和违反常理的危险性，因为包括下面各项在内的设计的缺陷允许幼儿进入泳池：

(a)　该诉讼主体泳池和梯子的生产没有安装能防止幼儿进入泳池的适当的安全系统和屏障。

(b)　该诉讼主体泳池和梯子的设计有缺陷，因为诉讼主体梯子缺少一个安全装置以防止幼儿进入泳池；以及

(c)　该诉讼主体泳池和梯子有缺陷和违反常理的危险性，因为它供应时没有提供适当的告诫，教育使用者适当地使用产品或就本诉状所说的危险警告用户。

59.　在事故发生那天，该诉讼主体泳池和梯子的情况和它由被告被告 WAI-MART（沃尔玛公司）出售和分销时的情况没有实质性的改变。

60.　由于上面所说的原因，对于可预见的用户包括原告来说，该诉讼主体泳池和梯子具有违反常理的危险性，而原告是以一般和可预见的方式使用该诉讼主体泳池和梯子的。

61.　在被告 WAI-MART（沃尔玛公司）将有缺陷的诉讼主体泳池和梯子投放商贸货流时，有保护装置的无缺陷的梯子和梯子系统在经济上和技术上都是可行的。装有那

覆盖阶梯和梯子的保护盖的梯子和/或折叠式梯子系统，在不明显妨碍诉讼主体梯子的效用的情况下，原本可以是一种更为安全替代设计，这就会大大减少原告受伤的风险。

62. 上述缺陷直接导致事故和 B.S.遭受的伤害，因为这些缺陷直接地并以自然和持续的顺序明显地导致或造成他的伤害。

63. 由于上述缺陷所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

**因此**，原告 TRINA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 WAI-MART（沃尔玛公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

**诉因之六**

**<u>就疏忽过失诉 WAI-MART（沃尔玛公司）</u>**

64. 重申第 1 至 3 段、第 10 至 15 段、和第 18 段到 22 段的内容。

65. 被告 WAI-MART（沃尔玛公司）作为地面泳池和梯子包括诉讼主体泳池和梯子的进口商，过去和现在都被视作地面泳池和梯子的生产者，因此过去和现在负责地面泳池和梯子 包括诉讼主体泳池和梯子的设计、生产、进口、检验、分销和出售。

66. 被告 WAI-MART（沃尔玛公司）知道或运用应有的小心谨慎理应知道，处于违反常理的危险情况的该诉讼主体泳池和梯子会在不作检查的情况下被使用，将会对用户包括原告构成可预见的和违反常理的伤害风险。

67. 被告 WAI-MART（沃尔玛公司）有义务恰当和合适地设计、生产、安装、进口、测试、检验、标志、提供警告、包装、分销和出售处于相当地安全情况的诉讼主体泳池和梯子，这样才不会对一般公众成员构成危险，他们包括原告会在一般情况下合理地和预期地接触该诉讼主体泳池和梯子。

68. 被告 WAI-MART（沃尔玛公司）在如下一方面或多方面违反对原告所负的应有的小心谨慎的义务：

(a) 疏忽地设计没有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(b) 疏忽地生产和/或安装有能防止儿童进入的适当的防护和屏障的诉讼主体泳池和梯子；

(c) 疏忽地测试或未测试该诉讼主体泳池和梯子；

(d) 疏忽地检验或未检验该诉讼主体泳池和梯子；

(e) 疏忽地未能就缺乏防止幼儿进入泳池的保护和屏障的情况对消费者提供适当的警告和说明；

(k) 疏忽地未能就缺陷包括但不限于能防止幼儿接触泳池和梯子的防护和屏障不足和不充分，而被告 WAI-MART（沃尔玛公司）知道或理应知道这种缺陷的存在；

(g) 通过营销、促销、广告表示诉讼主体泳池和梯子适合于使用，而实际上不适合使用；

(h) 通过营销、促销、广告表示诉讼主体泳池和梯子是一种安全的产品，而实际上被告知道它不是一种安全的产品，因为诉讼主体泳池和梯子在日常可预见的使用中会发生故障；以及

(i) 疏忽地未能提供合适的屏障和防护，包括但不限于作为标准设备的诉讼主体梯子的塑料罩和/或折叠梯子，这种设备有供应且在技术上是可行的。

69. 上述疏忽直接导致事故和原告遭受的伤害，因为这种疏忽直接地并以自然和持续的顺序明显地导致或造成他的伤害。

70. 由于被告 INTEX 公司的上述行为所造成的直接后果，原告 B.S.遭受肢体伤害和由此引起的疼痛、痛苦、损伤、残疾、毁容、 精神痛苦、丧失享受生活的能力、住院、医疗、护理、治疗、康复的费用以及丧失挣钱的能力。B.S.的伤害从合理程度的医疗概率来说是永久性的，B.S.的伤害始于事故发生的日期起并将继续到将来。

因此，原告 TRINA HADLEY（特丽娜·哈德利）和 ERIC SUTOR（艾里克·苏特）以未成年者 B.S.的亲生父母和法律监护人的身份，要求法院对被告 WAI-MART（沃尔玛公司）共同地和连带地作败诉的裁决，要求被告作补偿性损害赔偿，支付诉讼费、法定的利息，按佛罗里达州法官第 762.72 节作惩罚性损害赔偿，以及法院认为合理的其他法律救济，为行使权利还要求由陪审团对所有争点进行审理。

## 送达证明

本人特此证明：本人于 2012 年 12 月 27 日，通过电子呈交的方式将上述文件呈递于法院书记官，使用的是 CM/ECF（案件管理/电子案件呈交）系统，该系统将就电子呈交事宜发送通知该下列记录在案的律师：

Michael J. Corso 律师
Traci T. McKee 律师
Henderson, Franklin, Starnes & Holt, P.A.
亨德森-富兰克林-司塔恩斯-霍尔特合伙法律事务所
1715 Monroe Street
Fort Myers, Florida 33901
佛罗里达州迈尔斯堡市
门罗街 1715 号/邮编 33901
电话：(239) 344-1170
传真：(239) 344-1252

[签字]

---

C.RICHARD NEWSOME 律师
佛罗里达州律师协会号：827258
R. FRANK MELTON, II 律师
佛罗里达州律师协会号：475440
Newsome Melton
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
纽塞姆梅尔顿律师事务所
佛罗里达州奥兰多市
南奥兰治大街 201 号 1500 室
邮编 32801
电话：(407) 648-5977
传真：(407) 648-5282

原告律师

*Melton@newsomelaw.com*
*Swinehart@newsomelaw.com*
*Redmond@newsomelaw.com*

Michael.corso@henlaw.com
Traci.mckee@henlaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:12-cv-600-FtM-99DNF

TRINA HADLEY and ERIC SUTOR, as
natural parents and legal guardians of B.S.,
minor,

Plaintiffs,

v.

INTEX RECREATION CORP., a
Foreign corporation; INTEX
INDUSTRIES (XIAMEN) CO., LTD.,
a foreign corporation ; INTEX TRADING
LTD.; a foreign corporation; WAL-MART
STORES, INC, a foreign corporation; and
WAL-MART STORES EAST L.P., a
foreign corporation.

Defendants.

_____/

## SUMMONS IN A CIVIL ACTION

TO:     Intex Industries (Xiamen) Co. Ltd.
        Xin Yang Industrial Zone
        No 858 Wengjiao Road
        Haicang, Xiamen
        Fujian, P.R.C. 361022

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you

received it), or 60 days, if you are the United States or a United States agency, or an officer

or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3), you must serve

on the plaintiff's an answer to attach amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

R. Frank Melton, II, Esq.
Newsome Melton
201 S. Orange Avenue, Suite 1500
Orlando, FL 32801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the amended complaint. You must also file your answer or motion with the court.

*CLERK OF COURT*

Date: 1/24/13 _____

_____
*(Signature of Clerk or Deputy Clerk)*

# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TRINA HADLEY and ERIC SUTOR, as
natural parents and legal guardians of
B.S., minor,

Plaintiffs,

v.

INTEX RECREATION CORP., a foreign
corporation; INTEX INDUSTRIES
(XIAMEN) CO., LTD., a foreign
corporation; INTEX TRADING LTD.; a
foreign corporation; WAL-MART
STORES, INC., a foreign corporation; and
WAL-MART STORES EAST, LP, a
foreign corporation,

Defendants.

_____/

CASE NO. 2:12-cv-600-FtM-29DNF

## AMENDED COMPLAINT

Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal
guardians of B.S., minor, sue Defendants, INTEX RECREATION CORP., a foreign
corporation (hereinafter "INTEX RECREATION"), INTEX INDUSTRIES (XIAMEN) CO.,
LTD., a foreign corporation, INTEX TRADING LTD.; a foreign corporation (hereinafter
"INTEX FOREIGN," collectively), WAL-MART STORES, INC., a foreign corporation, and
WAL-MART STORES EAST, LP, a foreign corporation (hereinafter "WAL-MART"
collectively), and alleges:

## INTRODUCTORY ALLEGATIONS

1.      This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.      Plaintiffs, TRINA HADLEY and ERIC SUTOR, are the natural parents of B.S., a minor, and are and at all times material hereto were residents of Lee County, Florida.

3.      The incident giving rise to this action occurred in Lee County, Florida.

4.      Defendant, INTEX RECREATION CORP., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

5.      Defendant, INTEX RECREATION CORP., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a)     Committing a tortious act within this state by selling and delivering defective products, including the Subject above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers.   Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b)     Conducting and engaging in substantial business and other activities in Florida by selling products, including the Subject above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers.   Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c)     Marketing and promoting its products, including the Subject above ground Pool and Ladder that is the subject of this Complaint, to the Florida market in the national as well as the Florida media through various outlets such as its partnership with the Florida-based television show Designing Spaces.

2

(d)    The acts or omissions of Defendant, INTEX RECREATION CORP., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX RECREATION CORP., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pool and ladder, including the above ground pool and ladder that is the subject of this Complaint; and

(e)    Selling products, including the Subject above ground Pool and Ladder that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

6.    Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

7.    Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a)    Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b)    Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c)    Marketing and promoting its products, including the above ground Pool and Ladder that is the subject of this Complaint, to the Florida market in the national as well as the Florida media through various

3

outlets such as its partnership with the Florida-based television show Designing Spaces.

(d) The acts or omissions of Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX INDUSTRIES (XIAMEN) CO., LTD., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pool and ladder, including the above ground pool and ladder that is the subject of this Complaint; and

(e) Selling products, including the above ground Pool and Ladder that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

8. Defendant, INTEX TRADING LTD., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida,

for which it receives substantial revenue.

9. Defendant, INTEX TRADING LTD., submitted itself to the jurisdiction of

this Honorable Court by doing, personally or through its agents, at all times material to this

cause of action, the following acts:

(a) Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b) Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c)     Marketing and promoting its products, including the above ground Pool and Ladder that is the subject of this Complaint, to the Florida market in the national as well as the Florida media through various outlets such as its partnership with the Florida-based television show Designing Spaces.

(d)     The acts or omissions of Defendant, INTEX TRADING LTD., caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, INTEX TRADING LTD., engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pool and ladder, including the above ground Pool and Ladder that is the subject of this Complaint; and

(e)     Selling products, including the above ground Pool and Ladder that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

10.     Defendant, WAL-MART STORES, INC., is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

11.     Defendant, WAL-MART STORES, INC., submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a)     Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b)     Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and

brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c) The acts or omissions of Defendant, WAL-MART STORES, INC.," caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, WAL-MART STORES, INC.," engaged in solicitation activities in Florida including the sale, consumption, use, maintenance and/or repair of its above ground pool and ladder, including the above ground pool and ladder that is the subject of this Complaint;

(d) Selling products, including the Subject above ground Pool and Ladder that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

(e) Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

12. Defendant, WAL-MART STORES, INC.," is registered with the Florida Secretary of State and has designated a registered agent for service of process in Florida, to wit: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

13. Defendant, WAL-MART STORES EAST, LP, is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

14. Defendant, WAL-MART STORES EAST, LP, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a) Committing a tortious act within this state by selling and delivering defective products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such Pool,

Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b)     Conducting and engaging in substantial business and other activities in Florida by selling products, including the above ground Pool and Ladder that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such Pool, Ladder and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c)     The acts or omissions of Defendant, WAL-MART STORES EAST, LP, caused injuries to persons in Florida, including Plaintiff. At or about the time of said injuries, Defendant, WAL-MART STORES EAST, LP, engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its above ground pool and ladder, including the above ground pool and ladder that is the subject of this Complaint;

(d)     Selling products, including the above ground Pool and Ladder that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

(f)     Voluntarily qualifying to conduct business in this state by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

15.     Defendant, WAL-MART STORES EAST, LP, is registered with the Florida Secretary of State and has designated a registered agent for service of process in Florida, to wit: CT Corporation Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

16.     Defendant, INTEX RECREATION, is and at all times material hereto was the importer, designer and/or the manufacturer of the Subject above ground Pool and Ladder.

17.     Defendant, INTEX FOREIGN, is and at all times material hereto was the exporter, designer, and/or manufacturer of the Subject above ground Pool and Ladder.

8

18. At all times material hereto, Defendants INTEX RECREATION and INTEX FOREIGN manufactured, and sold and delivered the swimming Pool Ladder, to Defendant, WAL-MART STORES, INC., in Lee County, Florida, for sale to the general public.

**The Product**

19. The Subjects of this Complaint are the INTEX above ground swimming Pool and INTEX Ladder manufactured by INTEX FOREIGN and imported by INTEX RECREATION (*hereinafter "Subject Pool and Ladder"*) purchased by Plaintiffs.

**The Incident**

20. On or about June 8, 2009, Plaintiffs purchased the Subject Pool and Ladder.

21. On or about April 27, 2010, B.S., who was two years old at the time, gained entry to the Subject Pool by climbing the Subject Ladder. He was found moments later by his mother, TRINA HADLEY, floating in the Pool.

22. As a result of the faulty safety system, negligent design and inadequate warnings of the Subject Pool and Ladder, B.S., Plaintiff, suffered severe and permanent injuries, including severe brain damage.

**COUNT I**
**STRICT LIABILITY AGAINST INTEX RECREATION.**

23. Paragraphs 1 through 5, 16, and 18 through 22 are realleged.

24. Defendant, INTEX RECREATION, was and is engaged in the business of designing, manufacturing, and distributing above ground swimming pools and ladders to the public.

25.     Defendant, INTEX RECREATION, placed the Subject Pool and Ladder on

the market with knowledge that they would be used without inspection for defects and

dangers. INTEX RECREATION knew, or should have known, that ultimate users, operators

or consumers would not and could not properly inspect these products for defects and

dangerous conditions, and that detection of such defects and dangers would be beyond the

capabilities of such persons.

26.     The Subject Pool and Ladder were defective and unreasonably dangerous to

ultimate users, operators or consumers when sold and distributed by the Defendant, INTEX

RECREATION, because of design defects that allowed entry into the above ground pool by

young children including the following:

(a)     The Subject Pool and Ladder were manufactured by INTEX
        RECREATION or pursuant to INTEX RECREATION's specifications
        without adequate safety systems and barriers to prevent access by
        young children to the above ground pool.

(b)     The Subject Pool and Ladder were defective in design in that the
        Subject Ladder lacked a safety system to prevent young children from
        accessing above ground pools; and

(c)     The Subject Pool and Ladder were defective and unreasonably
        dangerous in that the warnings supplied with them were inadequate to
        instruct users in the proper use or warn users of the dangers described
        herein.

27.     On the date of the accident, the Subject Pool and Ladder were substantially

unchanged from its condition, as set forth above, when sold and distributed by Defendant,

INTEX RECREATION.

28.   For the reasons set forth above, the Subject Pool and Ladder were unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject Pool and Ladder in an ordinary and foreseeable manner.

29.   At the time INTEX RECREATION released the defective Subject Pool and Ladder into the stream of commerce, non-defective ladders and ladder systems with safeguards were economically and technologically feasible. A ladder which incorporated a protective cover that covered the steps of the Ladder and/or a flip up ladder system would have been a safer alternative design which would have significantly reduced the risk of the Plaintiff's injuries without substantially impairing the utility of the Subject Ladder.

30.   The defects described above directly and proximately caused the incident and injuries sustained by B.S. in that they directly, and in natural and continuous sequence, produced or contributed substantially to his injuries.

31.   As a direct and proximate result of the foregoing defects, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money.   The injuries to B.S. are permanent within a reasonable degree of medical probability, and B.S. has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

WHEREFORE, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, INTEX RECREATION, jointly and severally, for compensatory damages, costs, interest as allowed

by law, punitive damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE AGAINST INTEX RECREATION

32.     Paragraphs 1 through 5, 16, and 18 through 22 are realleged.

33.     Defendant, INTEX RECREATION, designed, manufactured, imported, inspected, distributed, and sold above ground swimming pools and ladders, including the Subject Pool and Ladder, to the public.

34.     Defendant, INTEX RECREATION, knew, or in the exercise of due care should have known, that the Subject Pool and Ladder would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

35.     Defendant, INTEX RECREATION, was under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute and sell the Subject Pool and Ladder in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the Subject Pool and Ladder, including Plaintiffs.

36.     Defendant, INTEX RECREATION, breached its duty of reasonable care owed to Plaintiffs in one or more of the following ways:

(a)     negligently designing the Subject Pool and Ladder without adequate safeguards and barriers to prevent access by young children;

(b)     negligently manufacturing and/or assembling the Subject Pool and Ladder with adequate safeguards and barriers to prevent access by young children;

(c)     negligently testing or failing to test the Subject Pool and Ladder;

(d)     negligently inspecting or failing to inspect the Subject Pool and Ladder for defects;

(e)     negligently failing to provide adequate warnings and information to consumers regarding the lack of safeguards and barriers to prevent access to young children;

(g)     negligently warning or failing to warn Plaintiffs of defects including but not limited to inadequate and insufficient safeguards and barriers to prevent access by young children in the Subject Pool and Ladder which Defendant, INTEX RECREATION either knew, or should have known, existed;

(h)     marketing, promoting, advertising and representing that the Subject Pool and Ladder were suitable for use when, if fact, they were not;

(i)     marketing, promoting, advertising and representing that the Subject Pool and Ladder were a safe product when, in fact, Defendant knew that it was not because the Subject Pool and Ladder would fail during normal and foreseeable use; and

(j)     negligently failing to provide adequate barriers and safeguards including, but not limited to plastic covers for the Subject Ladder and/or flip up Ladders as standard equipment, which were available and technologically feasible.

37.     The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiffs in that it directly, and in natural and continuous sequence, produced or contributed substantially to his injuries.

38.     As a direct and proximate result of the foregoing conduct of Defendant, INTEX RECREATION, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to B.S. are permanent within a reasonable degree of medical probability, and B.S. has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

**WHEREFORE**, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, INTEX RECREATION, jointly and severally, for compensatory damages, costs, interest as allowed by law, punitive damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT III
## STRICT LIABILITY AGAINST INTEX FOREIGN

39.     Paragraphs 1 through 3, 6 through 9, and 17 through 22 are realleged.

40.     Defendant, INTEX FOREIGN, was and is engaged in the business of designing, manufacturing, and distributing above ground swimming pools and ladders to the public.

41.     Defendant, INTEX FOREIGN, placed the Subject Pool and Ladder on the market with knowledge that they would be used without inspection for defects and dangers. INTEX FOREIGN knew, or should have known, that ultimate users, operators or consumers would not and could not properly inspect these products for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

42. The Subject Pool and Ladder were defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed by the Defendant, INTEX FOREIGN, because of design defects that allowed entry into the above ground pool by young children including the following:

(a) The Subject Pool and Ladder were manufactured by INTEX FOREIGN or pursuant to INTEX FOREIGN's specifications without adequate safety systems and barriers to prevent access by young children to the above ground pool.

(b) The Subject Pool and Ladder were defective in design in that the Subject Ladder lacked a safety system to prevent young children from accessing above ground pools; and

(c) The Subject Pool and Ladder were defective and unreasonably dangerous in that the warnings supplied with them were inadequate to instruct users in the proper use or warn users of the dangers described herein.

43. On the date of the accident, the Subject Pool and Ladder were substantially unchanged from its condition, as set forth above, when sold and distributed by Defendant,

## INTEX FOREIGN.

44. For the reasons set forth above, the Subject Pool and Ladder were unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject Pool and Ladder in an ordinary and foreseeable manner.

45. At the time INTEX FOREIGN released the defective Subject Pool and Ladder into the stream of commerce, non-defective ladders and ladder systems with safeguards were economically and technologically feasible. A ladder which incorporated a protective cover that covered the steps of the Ladder and/or a flip up ladder system would have been a safer

14

alternative design which would have significantly reduced the risk of the Plaintiff's injuries without substantially impairing the utility of the Subject Ladder.

46.    The defects described above directly and proximately caused the incident and injuries sustained by B.S. in that they directly, and in natural and continuous sequence, produced or contributed substantially to his injuries.

47.    As a direct and proximate result of the foregoing defects, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to B.S. are permanent within a reasonable degree of medical probability, and B.S. has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

WHEREFORE, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, INTEX FOREIGN, jointly and severally, for compensatory damages, costs, interest as allowed by law, punitive damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV
## NEGLIGENCE AGAINST INTEX FOREIGN

48.    Paragraphs 1 through 3, 6 through 9, and 17 through 22 are realleged.

49.     Defendant, INTEX FOREIGN, designed, manufactured, exported, inspected, distributed, and sold above ground swimming pools and ladders, including the Subject Pool and Ladder, to the public.

50.     Defendant, INTEX FOREIGN, knew, or in the exercise of due care should have known, that the Subject Pool and Ladder would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

51.     Defendant, INTEX FOREIGN, was under a duty to properly and adequately design, manufacture, assemble, export, test, inspect, label, provide adequate warnings for, package, distribute and sell the Subject Pool and Ladder in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the Subject Pool and Ladder, including Plaintiffs.

52.     Defendant, INTEX FOREIGN, breached its duty of reasonable care owed to Plaintiffs in one or more of the following ways:

(a)     negligently designing the Subject Pool and Ladder without adequate safeguards and barriers to prevent access by young children;

(b)     negligently manufacturing and/or assembling the Subject Pool and Ladder with adequate safeguards and barriers to prevent access by young children;

(c)     negligently testing or failing to test the Subject Pool and Ladder;

(d)     negligently inspecting or failing to inspect the Subject Pool and Ladder for defects;

(e)     negligently failing to provide adequate warnings and information to
consumers regarding the lack of safeguards and barriers to prevent
access to young children;

(f)     negligently warning or failing to warn Plaintiffs of defects including
but not limited to inadequate and insufficient safeguards and barriers
to prevent access by young children in the Subject Pool and Ladder
which Defendant, INTEX FOREIGN either knew, or should have
known, existed;

(g)     marketing, promoting, advertising and representing that the Subject
Pool and Ladder were suitable for use when, if fact, they were not;

(h)     marketing, promoting, advertising and representing that the Subject
Pool and Ladder were a safe product when, in fact, Defendant knew
that it was not because the Subject Pool and Ladder would fail during
normal and foreseeable use; and

(i)     negligently failing to provide adequate barriers and safeguards
including, but not limited to plastic covers for the Subject Ladder
and/or flip up Ladders as standard equipment, which were available
and technologically feasible.

53.     The negligence described above directly and proximately caused the incident
and injuries sustained by Plaintiffs in that it directly, and in natural and continuous sequence,
produced or contributed substantially to his injuries.

54.     As a direct and proximate result of the foregoing conduct of Defendant,
INTEX FOREIGN, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering,
impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of
life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of
ability to earn money. The injuries to B.S. are permanent within a reasonable degree of
medical probability, and B.S. has suffered these injuries in the past, from the date of the
accident, and will continue to sustain such injuries in the future.

WHEREFORE, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, INTEX FOREIGN, jointly and severally, for compensatory damages, costs, interest as allowed by law, punitive damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT V
## STRICT LIABILITY AGAINST WAL-MART

55. Paragraphs 1 through 3, 10 through 15, and 18 through 22 are realleged.

56. Defendant, WAL-MART, as the importer of the Subject Pool and Ladder was and is considered to be the manufacturer of the Subject Pool and Ladder, and accordingly was and is engaged in the business of designing, manufacturing, and distributing above ground swimming pools and ladders, including the Subject Pool and Ladder, to the public.

57. Defendant, WAL-MART placed the Subject Pool and Ladder on the market with knowledge that they would be used without inspection for defects and dangers. WAL-MART knew, or should have known, that ultimate users, operators or consumers would not and could not properly inspect these products for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

58. The Subject Pool and Ladder was defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed by the Defendant, WAL-MART, because of design defects that allowed entry into the pool by young children including the following:

(a) The Subject Pool and Ladder were manufactured without adequate barriers to prevent access by young children to the above ground pool.

(b)     The Subject Pool and Ladder were defective in design in that it lacked a safety system to prevent young children from accessing above ground pools; and

(c)     The Subject Pool and Ladder were defective and unreasonably dangerous in that the warnings supplied with them were inadequate to instruct users in the proper use or warn users of the dangers described herein.

59.     On the date of the accident, the Subject Pool and Ladder were substantially unchanged from its condition, as set forth above, when sold and distributed by Defendant, WAL-MART.

60.     For the reasons set forth above, the Subject Pool and Ladder were unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject Ladder in an ordinary and foreseeable manner.

61.     At the time WAL-MART released the defective Subject Pool and Ladder into the stream of commerce, non-defective pools and ladders and ladder systems with safeguards were economically and technologically feasible.  A ladder which incorporated a protective cover that covered the steps of the Ladder and/or a flip up ladder system would have been a safer alternative design which would have significantly reduced the risk of the Plaintiffs' injuries without substantially impairing the utility of the Subject Ladder.

62.     The defects described above directly and proximately caused the incident and injuries sustained by B.S. in that they directly, and in natural and continuous sequence, produced or contributed substantially to his injuries.

63.     As a direct and proximate result of the foregoing defects, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to B.S. are permanent within a reasonable degree of medical probability, and B.S. has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

**WHEREFORE**, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents and legal guardians of B.S., minor, demand judgment against Defendant, WAL-MART, jointly and severally, for compensatory damages, costs, interest as allowed by law, punitive damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT VI
## NEGLIGENCE AGAINST WAL-MART

64. Paragraphs 1 through 3, 10 through 15, and 18 through 22 are realleged.

65. Defendant, WAL-MART, as the importer of above ground swimming pools and ladders, including the Subject Pool and Ladder, was and is considered to be the manufacturer of those above ground swimming pools and ladders, and accordingly was and is responsible for the design, manufacture, import, inspection, distribution, and sale of above ground swimming pools and ladders, including the Subject Pool and Ladder, to the public.

66. Defendant, WAL-MART knew, or in the exercise of due care should have known, that the Subject Pool and Ladder would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiff.

67.     Defendant, WAL-MART, was under a duty to properly and adequately

design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for,

package, distribute and sell the Subject Pool and Ladder in a reasonably safe condition so as

not to present a danger to members of the general public who reasonably and expectedly,

under ordinary circumstances, would come into contact with the Subject Pool and Ladder,

including Plaintiffs.

68.     Defendant, WAL-MART, breached its duty of reasonable care owed to

Plaintiffs in one or more of the following ways:

(a)     negligently designing and distributing the Subject Pool and Ladder
        without adequate safeguards and barriers to prevent access by young
        children;

(b)     negligently manufacturing and/or assembling the Subject Pool and
        Ladder with adequate safeguards and barriers to prevent access by
        young children;

(c)     negligently testing or failing to test the Subject Pool and Ladder;

(d)     negligently inspecting or failing to inspect the Subject Pool Ladder for
        defects;

(e)     negligently failing to provide adequate warnings and information to
        consumers regarding the lack of safeguards and barriers to prevent
        access to young children;

(k)     negligently warning or failing to warn Plaintiffs of defects including
        but not limited to inadequate and insufficient safeguards and barriers
        to prevent access by young children in the Subject Pool and Ladder
        which Defendant, WAL-MART, either knew, or should have known,
        existed;

(g)     marketing, promoting, advertising and representing that the Subject
        Pool and Ladder was suitable for use when, if fact, they were not;

(h)     marketing, promoting, advertising and representing that the Subject
        Ladder was a safe product when, in fact, Defendant knew that it was
        not because the Subject Ladder would fail during normal and
        foreseeable use; and

(i)     negligently failing to provide adequate barriers and safeguards
        including, but not limited to plastic covers for the Subject Ladder
        and/or flip up ladders as standard equipment, which were available and
        technologically feasible.

69.     The negligence described above directly and proximately caused the incident
and injuries sustained by Plaintiffs in that it directly, and in natural and continuous sequence,
produced or contributed substantially to his injuries.

70.     As a direct and proximate result of the foregoing conduct of Defendant,
INTEX, Plaintiff, B.S., sustained bodily injury and resulting pain and suffering, impairment,
disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense
of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to
earn money. The injuries to B.S. are permanent within a reasonable degree of medical
probability, and B.S. has suffered these injuries in the past, from the date of the accident, and
will continue to sustain such injuries in the future.

        **WHEREFORE**, Plaintiffs, TRINA HADLEY and ERIC SUTOR, as natural parents
and legal guardians of B.S., minor, demand judgment against Defendant, WAL-MART,
jointly and severally, for compensatory damages, costs, interest as allowed by law, punitive
damages pursuant to Florida Statute §762.72, and for such other relief as the Court deems
just and demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December _29th_, 2012, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following counsel of records:

Michael J. Corso, Esq.
Traci T. McKee, Esq.
Henderson, Franklin, Starnes & Holt, P.A.
1715 Monroe Street
Fort Myers, Florida 33901
Tel: (239) 344-1170
Fax: (239) 344-1525
Michael.corso@henlaw.com
Traci.inckee@henlaw.com

C. RICHARD NEWSOME, ESQUIRE
Florida Bar No.: 827258
R. FRANK MELTON, II, ESQUIRE
Florida Bar No.: 475440
Newsome Melton
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiffs*
*Melton@newsomelaw.com*
*Swineheart@newsomelaw.com*
*Redmond@newsomelaw.com*