UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRINA SUTOR and ERIC SUTOR, as
natural parents and legal guardians of
B.S., a minor,

       Plaintiffs,

v.

                                 Case No:  2:12-cv-600-FtM-38DNF

INTEX RECREATION CORP., a foreign
corporation, INTEX INDUSTRIES
(XIAMEN) CO., LTD., a foreign
corporation, INTEX TRADING LTD., a
foreign corporation, WAL-MART
STORES, INC., a foreign corporation, and
WAL-MART STORES EAST, LP, a
foreign corporation,

       Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause is before the Court on Trina Sutor and Eric Sutor's ("Plaintiffs") Motion for

Leave  to Amend the Complaint to Assert a Claim for Punitive Damages ("Motion to Amend

Complaint") (Doc. 73) filed on August 22, 2014. Intex Recreation Corp., Intex Industries

(Xiamen) Co., Ltd., Intex Trading Ltd., Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP,

("Defendants") filed a Memorandum in Opposition to Plaintiffs' Motion for Leave to  Amend

the Complaint to Assert Punitive Damages (Doc. 80) on September 5, 2014.  Thus, the instant

motion is ripe for review.  For the reasons explained below, the Court recommends that

Plaintiffs' Motion to Amend Complaint be **DENIED**.

      This is a product liability case.  Plaintiffs' 26 month old son suffered a severe brain injury

from a near drowning incident in an above-ground swimming pool.  Defendants allege that their

son gained access to the pool via an A-frame ladder which failed to incorporate a means of preventing access by a child despite such a design being known and available to Defendant Intex Recreation Corp. ("IRC").  Plaintiffs sued Defendants in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida alleging Defendants manufactured, distributed, placed, and sold a defective and unreasonably dangerous product to ultimate users. Defendants removed the case to Federal Court on the basis of diversity jurisdiction on November 2, 2012. (Doc. 1). Plaintiffs' complaint did not assert a claim for punitive damages when originally filed. Plaintiffs are now requesting the Court to grant it leave to file an amended complaint to add a claim for punitive damages.

Plaintiffs argue that the proposed amendment will not cause any undue delay or postpone any current deadlines set forth in the Case Management and Scheduling Order (Doc. 53) because there are no additional counts being added and the proposed amendment only consists of a request for punitive damages in Plaintiffs' prayer for relief. Plaintiffs further argue that their amendment has been made with good cause because Plaintiffs were only recently able to depose IRC's corporate representatives on July 15 and 16, 2014. Thus, Plaintiffs argue that they should be allowed to add a request for punitive damages in the wherefore clauses of each of their counts.

Defendants argue that Plaintiffs filed their Motion to Amend after the deadline to amend pleadings and has failed to demonstrate good cause to modify the deadline as required by Fed. R. Civ. P. 16(b). Defendants assert that Plaintiffs' good cause reasoning for their amendment is insufficient because Plaintiffs agreed to the IRC deposition dates of July 15 and 16, 2014, and therefore, should have sought to modify the May 7, 2014, amendment deadline before it expired. Defendants further argue that Plaintiffs' amendment will cause undue delay and/or undue prejudice to Defendants. Defendants argue that there will be undue delay and/or prejudice

because the discovery deadline is less than three months away, and the addition of a punitive damages claim would widen the scope of litigation from mere negligence and strict liability to conduct justifying a punitive damages award. In light of these reasons, Defendants argue that there is no justification for Plaintiffs' untimely motion.

The court is guided by Rules 15 and 16 of the Federal Rules of Civil Procedure in determining whether to allow an untimely amendment to the pleadings. *Nobles v. Rural Cmty. Ins. Servs.,* 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004).  Rule 16(b)(4) provides that, after a scheduling order has been entered, the "schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted).  Only after finding good cause exists to modify the schedule will the court proceed to determine whether amendment to the pleadings is proper. Otherwise, the more liberal standard of Rule 15(a) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* After good cause is found, the Court looks to Rule 15(a), which states "[l]eave shall be freely given when justice so requires."

In this case, the Court finds that Plaintiffs have failed to establish the requisite good cause to justify the Court in modifying the schedule to consider Plaintiff's Motion to Amend Complaint.  Plaintiffs' motion was filed more than three months after the deadline to amend pleadings and, as Defendant correctly notes, fails to even acknowledge the expiration of the deadline or the requirements of Rule 16.  Plaintiffs fail to explain why they could not make the deadline despite their diligence.  Accordingly, the Court recommends that Plaintiffs' Motion to Amend Complaint be denied on this grounds.

Even if Plaintiffs could establish good cause for modifying the schedule, their Motion to Amend Complaint should be denied.  Federal Rule of Civil 15(a)(2) provides that the Court should "freely give leave" to amend a complaint "when justice so requires."  Although the decision whether to permit an amendment is within the sound discretion of the court, the Supreme Court has held that the words "leave shall be freely given" must be heeded.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Consequently, the Court must find a justifiable reason in denying a request for leave to amend.  *Id*.  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman,* 371 U.S. at 182). An amendment is futile when the complaint as amended is still subject to dismissal. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999).

In this case, Plaintiffs' amendment to add a prayer for punitive damages would be futile. In Florida, the law pertaining to the pleading requirements of punitive damages is controlled by Fla. Stat. § 768.72, which provides that

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.  The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.  The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.  No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted . . . A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.

Fla. Stat. § 768.72 (1)-(2).  The Eleventh Circuit has held that the portion of Fla. Stat. § 768.72 prohibiting pleading punitive damages in the initial complaint conflicts with Rule 8(a)(3) of the Federal Rules of Civil Procedure and therefore does not apply. *Cohen v. Office Depot, Inc.,* 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated in part on other grounds on reh'g*, 204 F.3d 1069, 1072 (11th Cir. 2000).  "However, the court also determined the substantive pleading standard of Section 768.72 (requiring a 'reasonable showing' that demonstrates 'reasonable basis for recover of such damages') does not conflict with Fed. R. Civ. P. 8(a)(2) (permitting a 'short and plain statement of the claim') because a prayer for punitive damages is not a 'claim' within the meaning of that Rule." *Gerlach v. Cincinnati Insurance Company*, 2012 WL 55-7463 at *2 (M.D. Fla. November 14, 2012). "Thus, the substantive pleading requirements for punitive damages in Fla. Stat. § 768.72 remain intact even when read in conjunction with [Rule] 8(a)(2)." *Id.* (citing *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340-41 (11th Cir. 2001)).  According to the Eleventh Circuit, under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. *Porter*, 241 F.3d at 1341.

Here, Plaintiffs' proposed Second Amended Complaint (Doc. 73-1) fails to allege any specific facts that support a claim for punitive damages. The only material change to the proposed Second Amended Complaint compared to the original complaint is the addition of the words "punitive damages" in the six conclusion paragraphs of each count. (Doc. 73). Therefore, granting Plaintiffs' Second Amended Complaint would be futile because Plaintiffs' have failed to allege any fact that establishes a reasonable basis for the recovery of punitive damages. Accordingly,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Plaintiffs' Motion for Leave to Amend Complaint to Assert a Claim for Punitive Damages

Against Defendants (Doc. 73) be **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 6, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02.

Copies furnished to:

Counsel of Record
Unrepresented Parties