UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| TRINA SUTOR and ERIC SUTOR, as natural parents and legal guardians of B. S., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> INTEX RECREATION CORP., a foreign corporation; INTEX INDUSTRIES (XIAMEN) CO., LTD., a foreign corporation; INTEX TRADING LTD., a foreign corporation; WAL-MART STORES, INC., a foreign corporation; and WAL-MART STORES EAST, LP, a foreign corporation, <br><br> Defendants. | CASE NO. 2:12-cv-600-FTM-99-DNF |

## STIPULATED CONFIDENTIALITY AGREEMENT

The parties have stipulated to this Stipulated Confidentiality Agreement ("Agreement") in regard to certain discovery material to be made available in discovery in this matter. This discovery material includes personal medical and employment records; trade secrets; and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of the defendants or other corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including, but not limited to, attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of this Agreement, which, pursuant to section I(F) of the Case

**Exhibit A**

Management and Scheduling Order in this matter and as agreed by all parties, shall be fully enforceable by the Court in order to prevent irreparable harm through disclosure of the documents and information to persons other than those persons involved in the prosecution or defense of this litigation.

Therefore, the parties agree and stipulate that the following Stipulated Confidentiality Agreement shall govern discovery in the above-captioned matter as follows:

1. For the purposes of this Agreement, "Confidential Discovery Materials" shall mean any information that the producing party in good faith believes is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure, and that is properly designated as confidential according to the procedures set forth in this Agreement, including, but not limited to:

    (a) Personal medical or employment records, including any and all documents referring or related to confidential and proprietary human resources information, compensation of the defendants' current or former personnel, any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor of the defendants, and any documents relating to the medical and/or health information of any of the defendants' current or former employees or contractors;

    (b) Any and all documents regarding, pertaining to, or concerning proprietary, trade secret, financial, or other confidential materials. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other

persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Such documents shall include, but are not limited to, documents reflecting operations, marketing, plans, strategies, policies, procedures, formulas, customers, financial information and records, training materials, product design, manufacturing and distribution logistics, the disclosure of which could place the defendants at a competitive disadvantage; and

(c) Information regarding, pertaining to, or concerning the defendants' customers or suppliers that is not public information.

2. The terms of this Agreement shall in no way affect the right of any person (a) to withhold information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of such third parties as patients, physicians, or reporters of alleged device failures; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

3. The following definition shall apply to this Agreement: A "stamped confidential document" means any document, including any document produced electronically, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information subject to protection under federal or state statute or regulation. For purposes of this Agreement, the term "document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, or otherwise.

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, video or audio recording of depositions, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

4. Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis, preparation, and trial of this action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Agreement. Stamped confidential documents produced in hard-copy form shall not be digitized or otherwise put in computer readable format (such as PDF format) by the person receiving the documents. Stamped confidential documents produced in electronic form shall not be converted to any other electronic form and shall not be copied onto any hard drive, disk, back-up tape, or any other medium that would allow the electronic stamped confidential document to be disclosed to anyone other than the person receiving the document.

5. Notwithstanding paragraph 4, stamped confidential documents may be disclosed to counsel of record for the parties to this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video or audio recording equipment at depositions,

and any special master appointed by the Court). Subject to the provisions of subparagraph 5(c), such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 5(c) below, the individual to whom disclosure is to be made has signed a Confidentiality Agreement, the form of which is attached hereto as Exhibit A, containing —

        (1)    a recital that the signatory has read and understands this Agreement and will abide by it;

        (2)    a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

        (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Agreement.

    (c)    Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 5(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A. That Confidentiality Agreement then must be

returned to counsel who shall retain any such Confidentiality Agreements during the pendency of the litigation.

(d) Before disclosing stamped confidential documents to any person listed in subparagraph 5(a) or 5(b) who is a customer or competitor (including employees or consultants of either) of the party that so designated the document, the party wishing to make such disclosure shall give at least 15 days advance notice in writing to the counsel or entity who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 15-day period, a motion is filed objecting to the proposed disclosure, the disclosure shall not be made unless and until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

(1) As used in this paragraph 5(d), the term "customer" means any direct purchaser of products from, or any regular indirect purchaser of Intex Recreation Corp., or Intex Trading, Ltd., and any commercial, industrial, or business customer of Wal-Mart Stores, Inc., and its subsidiaries.

(2) As used in this paragraph 5(d), the term "competitor" means any manufacturer or seller of products sold by Intex Recreation Corp., or Intex Trading, Ltd., including above-ground pools of any type, pool pumps, filters, and other pool supplies, outdoor toys and children's

products, air mattresses and other inflatable furniture, and any seller of retail goods to consumers.

6. Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Agreement, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Agreement to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Agreement or for such additional relief as may become appropriate.

7. Nothing in this Agreement shall preclude the disclosure by a party of stamped confidential documents that it has produced.

8. Nothing in this Agreement shall preclude the disclosure by any party of publicly available documents or information.

9. Stamped confidential documents shall not be filed with the Court except as required in connection with a motion or other matters pending before the Court. In the event that any party intends to submit stamped confidential documents to the Court for any proceeding, including, but not limited to, dispositive motions, such documents shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, an indication of the nature of the contents, the word "CONFIDENTIAL" and the following statement:

> This envelope containing documents that are filed in this case by [name of party] is not to be opened nor the contents thereof to be revealed except by court order; provided, however, that counsel of record in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof, without order of Court, and upon completion of each inspection by counsel, the envelope containing such documents shall be resealed.

10. Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in paragraph 5, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Agreement.

11. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

12. In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Agreement. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

13. Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such

advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 5(b) and 5(c).

14. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Agreement, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order, or other legal process.

15. If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

16. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including, but not limited to, attorney-client privilege, work product immunity, and immunities created by federal or state statute or rule), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. The receiving party will be deemed to have notice that material is restricted if

the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the producing party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Agreement and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

17.   The provisions of this Agreement shall not terminate at the conclusion of this lawsuit. Within 60 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall

deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation.

18. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Agreement, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal pursuant to paragraph 9.

19. The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

20. Nothing in this Agreement shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

21. Nothing in this Agreement shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Agreement.

22. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, the parties shall be relying upon the terms and conditions of this Agreement.

23. Further access to Confidential Discovery Materials may be agreed to by the parties, if documented in writing, or requested by any party by motion filed with this Court and approved by this Court. Specifically, Plaintiffs may move the Court to amend this Agreement to add sharing and document authentication provisions, to which the Defendants object. The parties agree to the current protective order to expedite discovery, however, the

parties agree that the Defendants will not raise Plaintiff's consent to this Agreement as a defense to Plaintiffs' motion to amend, if filed.



Dated: 3·19·14

Dated: _____

C. Richard Newsome, Esq.
R. Frank Melton, II, Esq.
Daniel W. Eckhart, Esq.
NEWSOME LAW FIRM
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
407.648.5977 telephone
407.648.5282 facsimile
newsome@newsomelaw.com
melton@newsomelaw.com
eckhart@newsomelaw.com

*Attorneys for the plaintiffs,
Trina Sutor and Eric Sutor*

Michael J. Corso, Esq.
Traci T. McKee, Esq.
HENDERSON, FRANKLIN, STARNES &
   HOLT, P.A.
1715 Monroe Street
Fort Myers, FL 33901
239.344.1170 telephone
239.344.1525 facsimile
michael.corso@henlaw.com
traci.mckee@henlaw.com

*Attorneys for Defendants Intex Recreation
Corp., Intex Trading, Ltd., Wal-Mart Stores,
Inc., and Wal-Mart Stores East, LP*

J. Joseph Tanner, Esq. (*pro ha vice*)
John T. Schlafer, Esq. (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317.237.0300 telephone
317.237.1000 facsimile
joe.tanner@faegrebd.com
john.schlafer@faegrebd.com

*Attorneys for Defendants Intex Recreation
Corp. and Intex Trading, Ltd.*

parties agree that the Defendants will not raise Plaintiff's consent to this Agreement as a defense to Plaintiffs' motion to amend, if filed.

Dated: _____

C. Richard Newsome, Esq.
R. Frank Melton, II, Esq.
Daniel W. Eckhart, Esq.
NEWSOME LAW FIRM
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
407.648.5977 telephone
407.648.5282 facsimile
newsome@newsomelaw.com
melton@newsomelaw.com
eckhart@newsomelaw.com

*Attorneys for the plaintiffs,
Trina Sutor and Eric Sutor*

Dated: 3/19/2014

*Traci McKee*

Michael J. Corso, Esq.
Traci T. McKee, Esq.
HENDERSON, FRANKLIN, STARNES &
    HOLT, P.A.
1715 Monroe Street
Fort Myers, FL 33901
239.344.1170 telephone
239.344.1525 facsimile
michael.corso@henlaw.com
traci.mckee@henlaw.com

*Attorneys for Defendants Intex Recreation
Corp., Intex Trading, Ltd., Wal-Mart Stores,
Inc., and Wal-Mart Stores East, LP*

J. Joseph Tanner, Esq. (*pro ha vice*)
John T. Schlafer, Esq. (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
317.237.0300 telephone
317.237.1000 facsimile
joe.tanner@faegrebd.com
john.schlafer@faegrebd.com

*Attorneys for Defendants Intex Recreation
Corp. and Intex Trading, Ltd.*